UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SONIA SMITH                                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:20-CV-244-DPJ-FKB

MISSISSIPPI EMERGENCY                                                              DEFENDANT
MANAGEMENT AGENCY

ORDER

This employment dispute is before the Court on Defendant Mississippi Emergency Management Agency's Motion in Limine [86]. Having fully considered the parties' briefs and discussed the motion during the pretrial conference, the Court finds that it should be granted.

I.    Factual Background

Smith began working for MEMA in April 2015. On May 14, 2019, she filed an internal grievance complaining of racial discrimination. She then filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on May 22, 2019, claiming that she was being paid less than a white employee and that MEMA was grooming that employee to take Smith's job. *See* Charge of Discrimination [1-1] at 52. MEMA terminated her employment in July 2019 for alleged work-rule violations. After filing a second EEOC charge, Smith sued MEMA on March 6, 2020, asserting various federal claims for race-based discrimination and retaliation; she also asserted state-law claims. *See* Compl. [1-1]. As the case progressed in federal court, Smith dropped her state-law claims and the race-discrimination claims she pleaded in her Complaint. The Court then denied summary judgment as to the retaliation claim, leaving it as the only claim for trial. *See generally* Order [82].

MEMA now moves in limine for an order precluding "[r]eference to any claim that has been dismissed or abandoned in this lawsuit, including those for race discrimination and/or

hostile work environment." Def.'s Mot. [86] at 1. Though MEMA's brief identifies eight specific issues that fall under its motion, they all relate to the abandoned or dismissed claims.

II.     Standard

As summarized by the Fifth Circuit Court of Appeals:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation and quotation marks omitted). It is important to note that, as with all in limine orders, the non-prevailing party may revisit the issue at trial outside the jury's presence. *See Jackson-Hall v. Moss Point Sch. Dist.*, No. 3:11-CV-42-DPJ-FKB, 2012 WL 1098524, at *4 (S.D. Miss. Apr. 2, 2012).

III.    Analysis

As noted, Smith abandoned every race-discrimination claim she pleaded in her Complaint, leaving only her Title VII retaliation claim for trial. "Title VII prohibits retaliation against employees who engage in protected conduct, such as filing a complaint of discrimination." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 325 (5th Cir. 2002) (citing 42 U.S.C. § 2000e–3(a)). To establish a prima facie retaliation case, Smith must show: "(1) that [she] engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action." *Badgerow v. REJ Props., Inc.*, 974 F.3d 610, 618 (5th Cir. 2020) (citations omitted).

MEMA concedes that Smith engaged in protected activity and that she suffered an adverse employment action.  Thus, the only question the jury must decide is whether MEMA terminated Smith's employment because she engaged in protected activity.  MEMA argues that the reason for her complaints—i.e., the alleged race-based discrimination—would be irrelevant to the causation issue.  MEMA also says that allowing evidence regarding racial discrimination would be confusing and substantially more prejudicial than probative, especially when Smith abandoned all claims related to the alleged discrimination she opposed when engaging in protected activity.  Smith counters that the jury should hear it all.

To be admissible, evidence must be relevant to an issue properly before the jury.  Fed. R. Evid. 401, 402.  And even when evidence is relevant, the court may exclude it "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

Here, Smith's specific complaints when engaging in protected activity (alleged racial discrimination) are irrelevant to the sole issue the jury must decide (whether she was fired for complaining).  This Court faced a similar issue in *Johnson v. Watkins*, a case involving claims for sexual harassment and retaliation.  No. 3:07-CV-621-DPJ-JCS, 2010 WL 2671993, at *5 (S.D. Miss. June 30, 2010).  While the Court noted that there could be some overlap in the evidence related to the separate claims, it held that to be admissible "the conduct must have occurred after [the Plaintiff] engaged in protected activity because conduct before that date is not relevant and will not be admitted pursuant to Rules 402 and 403."  *Id.* (citing *Watkins v. Tex. Dep't of Crim. Just.*, 269 F. App'x 457, 462 (5th Cir. 2008) ("Any alleged adverse employment

3

actions prior to that date cannot serve as part of a retaliation claim because there was nothing to retaliate against.").

Even if the basis of Smith's complaints had some probative value, that value is substantially outweighed by the risk of confusion and unfair prejudice. *See* Fed. R. Evid. 403. As an initial point, Smith engaged in protected activity when she complained of race-based discrimination, but she abandoned the only race claims she mentioned in her internal grievance and EEOC charge. So, while the mere mention of racial discrimination would carry obvious prejudice risks, the actual claims were not substantial enough for Smith to pursue past her initial pleadings. If the Court were to allow any reference to the race claims, then MEMA would have to spend time explaining that the claims were meritless and abandoned. And this could confuse the jury. Moreover, Smith's desire to "tell the whole story" might reflect a back-door attempt to pursue claims that she voluntarily dropped or that were dismissed.

Finally, the authority Smith cites for offering "background" information about race-based discrimination does not support her position. *See* Pl.'s Mem. [89] at 4–6. For example, Smith cites *Hubbell v. FedEx Smartpost, Inc.* as an example of a case allowing evidence of dismissed claims. Pl.'s Mem. [89] at 5 (citing No. 14-13897, 2017 WL 2306439, at *1 (E.D. Mich. May 25, 2017)). That case held that the plaintiff could "not assert that she experienced a hostile work environment," a dismissed claim, but that she could "introduce evidence of alleged conduct that is relevant to the question of whether she suffered an adverse employment action." *Hubbell*, 2017 WL 2306439, at *1. The case does not, however, suggest that alleged acts of pre-termination *discrimination* are admissible in a simple retaliation case. To the contrary, that court followed this Court's holding in *Johnson* and held that "conduct occurring before the date that

plaintiff engaged in protected activity is not relevant to retaliation claims." *Id.* (citing *Johnson*, 2010 WL 2671993, at *5).

The parties will certainly be allowed to discuss the facts related to the grounds for the termination, but Plaintiff is precluded from offering evidence or argument regarding dismissed or abandoned claims, including claims for race-based discrimination. The parties may offer stipulations or redacted documents establishing the dates of the protected activity without disclosing the basis for the complaints. They may also provide limiting instructions explaining to the jury what constitutes protected activity and that the jury should not be concerned with the reasons for the protected activity when deciding whether that activity caused the adverse employment action. If Smith believes that this evidence is admissible (e.g., if MEMA opens the door), then she must address it outside the jury's presence. Finally, counsel is instructed to provide this ruling to all witnesses and ensure that the witnesses understand it.

IV.   Conclusion

For these reasons, Defendant's Motion in Limine [86] is granted.

**SO ORDERED AND ADJUDGED** this the 16th day of December, 2022.

s/ *Daniel P. Jordan III*  
CHIEF UNITED STATES DISTRICT JUDGE